Mulligan, J.
The defendant, Parks Corporation, moves for partial summary judgment on so much of Count IX of the plaintiffs’ complaint as alleges insuf *407 ficient warnings on the TRU HEAT boat stove alcohol container which the plaintiff alleges was a contributing cause of the burns he suffered while using the stove aboard his sailboat on August 29, 1997.
Parks Corporation asserts that the warnings on the TRU HEAT container were adequate and, more specifically, that the adequacy of those warnings is controlled by the Federal Hazardous Substances Act, 15 U.S.C. §§1261-1278 (FHSA), that liability based on inadequate warnings is preempted by the federal labeling requirements, and that a state may not impose more elaborate or more stringent product warnings than required by FHSA and its regulations.
The plaintiffs do not contend that the warnings do not comport with FHSA requirements. Nor do they contend that a state may impose more stringent warnings than required by FHSA. Rather, the plaintiffs assert that the boat stove alcohol is not a product regulated by the FHSA because it is not intended for household use.
Plaintiffs argument ignores the broad reach of the FHSA per 16 C.F.R. §1500.3(c)(10)(i) which states that the FHSA applies whenever “any customary or reasonably foreseeable condition of purchase, storage or use may [bring the product] into or around a house, apartment, or other place where people dwell.”
Setting aside whether the plaintiffs’ sailboat which contained berths, a galley and stove, would constitute a place where people dwell, it is reasonably foreseeable that a container of boat stove alcohol would be stored around a house, e.g. in a basement, cellar, garage, or other household storage area, areas where people keep paint, paint thinners and where boat owners keep oils, varnishes and marine solvents.
Given the broad applicability of the FHSA, and the reasonable foreseeability that the product would be stored in and around a house, I conclude that Parks Corporation’s Motion for Partial Summary Judgment on so much of Count IX of the complaint that sounds in a failure to provide adequate warnings on the product is ALLOWED.